UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17CR20832/GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                      ***DEFENDANT'S 1ST OBJECTIONS/CHANGES TO PRE-SENTENCE INVESTIGATION***

JUAN CARLOS RAMON-ITURRALDE,

    Defendant,

_____/

Defendant through counsel hereby files his objections/changes/comments to the Pre-Sentence Investigation.

**Adult Criminal Convictions**

    1.    Page(s) 9, paragraph(s) 22.

        The arrest was effectuated by the "Miami River Cops." He did not run away. He was in the back yard of the home. He was asked to come out which he did. At one point he had to go over a fence. Before he was able to come down from the fence he was pulled down causing some gashes on his legs from the steel prongs above. Once on the ground he was beaten followed by then obligatory dog bite.

**Other Criminal Conduct**

    2.    Page(s) 12, paragraph(s) 31.

        This incident was defended by counsel on this case. Pursuant to counsel's request all efforts to arrest Juan Carlos were stopped. He was then able to appear at the State Attorney's Office with several witnesses as to the events.

        The altercation began when his then wife tried to shoot him with a 9mm pistol. Luckily the gun jammed and it would not function. At that time Juan Carlos quickly left the premises and headed for his parked car followed by his spouse at this time armed with a stick. As he was attempting to start the car his wife was beating the car with the stick. Juan Carlos mother, then 75 years old, who lived across the street came over to attempt to calm things down. The wife, who outweighed her by at least 40 pounds, knocked her to the ground. At that time Juan Carlos came out of his car and to protect his mother knocked the then wife to

    the ground. He re entered his car and took off knowing that the wife had contacted the local constabulary who's norm was to arrest the male first and ask questions later.

    Luckily for Juan Carlos, not only did his mother serve as a witness to the event, but several neighbors who had ringside seats, appeared before the Assistant State Attorneys on the case and gave a factual version of the events that dramatically differed from the victims.

    The case was no actioned as a result. When the State asked if he would press charges for the false accusation, Juan Carlos declined because she was his sons mother.

3.     Page(s) 12, paragraph(s) 32.

    This was a reprise of the events on paragraph 31(without the firearm). The State was asked to review the findings of the Assistants on the prior case, showing perjury and the case was Nolle Prossed. The State did not find a need to interview the defense witnesses.

4.     Page(s) 12, paragraph(s) 33.

    In this case the property had an owner and a caretaker. The house was to be forfeited to the federal government. The owner told Juan Carlos that he could go in the yard and take whatever he thought useful and give him some money for it. The caretaker was unaware of the arrangement. By the next court date the caretaker was informed by the owner of the arrangement and the case was no actioned.

**Employment Record**

5.     Page(s) 16, paragraph(s) 59.

    Juan Carlos was unemployed because he had suffered a major heart attack which left one third to one half of his heart tissue dead.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2019, I electronically filed the foregoing document with the Clerk of Court, Southern District of Florida, using **CM/ECF,** and all parties not subject to electronic notification.

    Respectfully submitted,

    /S/ ALBERTO F. SARASUA

    _____
    ALBERTO F. SARASUA, Esq.
    442 Hampton Lane, Key Biscayne
    Florida  33149-1853 Fla.Bar No. 363146
    305.361.7480   fx. 305.361.8537
    afsarasuakiko@yahoo.com