UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CR-20832-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN CARLOS RAMON-ITURRALDE,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Juan Carlos Ramon-Iturralde's Motion for Compassionate Release (the "Motion") [ECF No. 72]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is granted.

On December 20, 2018, Defendant pled guilty to one count of aggravated identity theft. Before his sentencing, Defendant suffered a massive heart attack. He was subsequently given a pacemaker, and his left ventricle was only functioning at around 35% of normal capacity. On March 27, 2019, the Court sentenced Defendant to the mandatory minimum of two years of incarceration. Defendant reported to prison on July 8, 2019, and is due to be released on March 9, 2021. The Warden at FCI Butner Low, the facility where Defendant is currently located, denied Defendant's administrative request for compassionate release.

Defendant now asks the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to modify his remaining term of imprisonment to time served. Defendant alleges that his ongoing heart disease and related complications make him vulnerable to severe complications should he contract COVID-19. The Government does not oppose Defendant's Motion. [ECF No. 75].

1

Pursuant to the First Step Act, a court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). To reduce a sentence, a court must find that "extraordinary and compelling reasons warrant such a reduction"[1] and the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Courts must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

The Sentencing Commission's policy statements detail the "extraordinary and compelling reasons" that warrant a sentence reduction, including where "[t]he defendant is [] suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A)(ii). In addition, the policy statements provide that compassionate release is only appropriate where the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

Upon a review of the record and noting the Government's lack of opposition to the Motion, the Court finds that (1) extraordinary and compelling reasons justify Defendant's immediate release from prison; (2) as provided in 18 U.S.C. § 3142(g), Defendant is not a danger to the safety of any other person or to the community; and (3) the applicable § 3553(a) factors support Defendant's request for compassionate release. Accordingly, it is

---

[1] The Court may also reduce a sentence under § 3582(c)(1)(A)(ii) if the defendant is at least 70 years of age and meets other qualifications not relevant here.

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Compassionate Release [ECF No. 72] is **GRANTED**.

2. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody.

3. Defendant's sentence of imprisonment is reduced to time served effective the date of this Order, and the BOP shall release Defendant for placement at 201 W Riverband Drive, Sunrise, Florida 33326, or his current residence.

4. Defendant shall self-quarantine at home for at least fourteen (14) days, consistent with CDC guidelines.

5. Defendant's one-year term of supervised release shall begin upon his release.

6. Simultaneously herewith, the Court will enter an Amended Judgment imposing a sentence of "time served" and converting the remaining term of incarceration into one (1) year of home confinement as an additional term of his supervised release.

7. Due to the COVID-19 pandemic, other special conditions of Defendant's supervised release, as detailed in his original Judgment, shall remain except as follows: Defendant shall surrender to Immigration for removal after imprisonment **only if directed to do so by Immigration**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of May, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE